# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| TYRESHIA R. BATEMEN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 2:19-CV-65-NCC |
| ANGELA MESMER, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons explained below, petitioner Tyreshia R. Batemen's Petition for Writ of Habeas Corpus will be dismissed as time-barred.

On July 5, 2019, petitioner filed a petition in this Court pursuant to 28 U.S.C. § 2254, seeking to challenge a 2006 state court judgment. She sought and was granted leave to proceed in forma pauperis. As fully set forth in this Court's August 26, 2019 order, petitioner filed the petition after the expiration of the one-year limitations period applicable to petitions filed pursuant to § 2254, and the Court ordered petitioner to show cause why the petition should not be dismissed as untimely. In so doing, the Court cautioned petitioner that her failure to timely comply would result in the dismissal of the petition. Petitioner's response to the Court was due on September 25, 2019. To date, she has neither responded to the Court's order nor sought additional time to do so.

After careful consideration, the Court concludes that the petition is time-barred. The Court will therefore summarily dismiss it pursuant to Rule 4 of the Rules Governing § 2254

Cases in the United States District Courts, which requires this Court to summarily dismiss a § 2254 petition if it plainly appears the petitioner is not entitled to relief. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (a district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (ECF No. 5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 8th day of October, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE