UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| TYRESHIA R. BATEMEN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 2:19-CV-65-NCC |
|  | ) |  |
| ANGELA MESMER, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon its own motion. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons explained below, petitioner Tyreshia R. Batemen's Petition for Writ of Habeas Corpus will be dismissed as time-barred.

On July 5, 2019, petitioner filed a petition in this Court pursuant to 28 U.S.C. § 2254, seeking to challenge a 2006 state court judgment. She sought and was granted leave to proceed in forma pauperis. As fully set forth in this Court's August 26, 2019 order, petitioner filed the petition after the expiration of the one-year limitations period applicable to petitions filed pursuant to § 2254, and the Court ordered petitioner to show cause why the petition should not be dismissed as untimely. In so doing, the Court cautioned petitioner that her failure to timely comply would result in the dismissal of the petition.

Petitioner's response was due on September 25, 2019, but she neither filed a response nor sought additional time to do so. On October 8, 2019, the Court entered orders dismissing the petition. However, on October 29, 2019, petitioner filed a letter with the Court advising that she had not received the Court's prior orders. In an order dated October 30, 2019, the Court vacated

the dismissal orders, ordered the Clerk to reopen the case and send the prior orders to petitioner, and directed petitioner to show cause, within 30 days, why her petition should not be dismissed as untimely. The Court cautioned petitioner that her failure to timely comply would result in the dismissal of the petition. Petitioner's response was due on November 29, 2019. However, to date, she has neither filed a response nor sought additional time to do so.

After careful consideration, the Court concludes that the petition is time-barred, and that petitioner has failed to show cause why it should not be dismissed as such. Petitioner has been given meaningful notice of what was expected, and she has been given ample time to comply. The Court will therefore summarily dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which requires this Court to summarily dismiss a § 2254 petition if it plainly appears the petitioner is not entitled to relief. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (a district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 30th day of December, 2019.

                                              /s/ Noelle C. Collins
                                              NOELLE C. COLLINS
                                              UNITED STATES MAGISTRATE JUDGE